UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANNY E. THOMPSON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN DAVIS,<br><br>　　　　　　　Respondent. | Case No. 1:25-CV-00104-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Danny E. Thompson filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. The Court now reviews the Petition to determine whether the claims are subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases. Because the Petition is premature, it will be dismissed without prejudice to bringing it when the claims are ripe.

## REVIEW OF PETITION

### 1. Standard of Law

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

In the Idaho state court system, the limitations period for post-conviction actions in non-capital cases is one year from the expiration of the time for appeal in the criminal case, from the determination of the appeal, or from the determination of the proceedings following an appeal, whichever is later. I.C. § 19–4902.

## 2. Background

In a state criminal action in Ada County, Idaho, Petitioner was convicted of attempted first degree murder and being a felon in possession of a firearm. His judgment was entered on December 15, 2023. Dkt. 1 at 1. He filed a direct appeal, which is still pending. *Id.* at 2.

## 3. Discussion

In this action, Petitioner brings claims of ineffective assistance of counsel. Not only has he failed to exhaust his state court remedies, but he also still has time to do so by filing a state post-conviction matter according to proper state court procedures. Accordingly, this case will be dismissed without prejudice because it is premature. Petitioner may file a new

federal habeas corpus action if he pursues post-conviction relief in the state court system, beginning in the state district court and ending in the Idaho Supreme Court, and receives no relief.

## ORDER

**IT IS ORDERED:**

1.  The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice.

2.  The Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

3.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 19, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 3